**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRUCE CABBAGESTALK,  )  <br>  ) <br>   Petitioner,  ) <br>  ) <br> v.  ) <br>  ) <br> SUPERINTENDENT HARRY WILSON; THE  ) <br> DISTRICT ATTORNEY OF THE COUNTY  ) <br> OF ALLEGHENY; and the ATTORNEY  ) <br> GENERAL FOR THE STATE OF  ) <br> PENNSYLVANIA,  ) <br>  ) <br>   Respondents.  ) | Civil Action No. 06 - 396 <br><br> Judge David S. Cercone / <br> Magistrate Judge Lisa Pupo <br> Lenihan |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

**II. REPORT**

Petitioner, Bruce Cabbagestalk, a state prisoner incarcerated at the State Correctional Institution at Fayette, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

**A. Relevant Procedural History**

On June 27, 1996, in the Court of Common Pleas of Allegheny County, Pennsylvania, Petitioner pleaded guilty to charges of Aggravated Assault, Robbery, Criminal Attempt to Commit Homicide, Criminal Conspiracy, and Violation of the Uniform

Firearms Act.  On August 21, 1996, Petitioner was sentenced to a term of confinement of from eighteen (18) to seventy-five (75) years.  Petitioner did not file any direct appeal from his sentence.

On February 19, 1997, Petitioner filed a *pro se* petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542 (Respondent Ex. 2, doc. no. 9).  Following appointment of counsel, an amended PCRA petition was filed (Respondent Ex. 3, doc. no. 9).  Subsequently, following the appointment and withdrawal of several attorneys, a second amended petition was filed on April 8, 1999, along with a motion to reinstate direct appeal rights *nunc pro tunc* (Respondent Ex. 6, doc. no. 9).  On October 21, 1999, the PCRA Court issued an Order giving petitioner notice of its intention to dismiss the Petition without a hearing (Respondent Ex. 7, doc. no. 9).  On January 19, 2000, the Trial Court dismissed the PCRA Petition without a hearing (Respondent Ex. 8, doc. no. 9).

Petitioner filed a timely Notice of Appeal and on September 27, 2000, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief (Respondent Ex. 10, doc. no. 9).  Petitioner filed a Petition for Allowance of Appeal, which was denied by the Supreme Court of Pennsylvania on February 21, 2001 (Respondent Ex. 11, doc. no. 9).

On May 9, 2003, Petitioner filed a second petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542 (Respondent Ex. 12, doc. no. 9).  On October 20, 2003, the Trial Court denied the second PCRA Petition finding Petitioner's claims time barred and previously litigated

(Respondent Ex. 17, doc. no. 9). Petitioner filed a timely Notice of Appeal and on January 25, 2005, the Superior Court of Pennsylvania issued an Opinion and Order affirming the Trial Court's determination denying Petitioner's second PCRA Petition as untimely filed (Respondent Ex. 20, doc. no. 9). Petitioner did not file a petition for allowance of appeal to the Supreme Court of Pennsylvania.

Petitioner's federal petition for writ of habeas corpus was executed on March 27, 2006.

**B. Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996). In section 101 of AEDPA, Congress imposed a new, one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner did not file any direct review from the imposition of his sentence on August 21, 1996. Consequently, direct review of Petitioner's conviction became "final" on or about September 30, 1996, *i.e*, the date of the expiration of the thirty-day period for filing a petition for allowance of appeal. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until September 30, 1997 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by September 30, 1997; instead, his federal habeas corpus petition was not filed in this Court until March 27, 2006, the date he signed his Petition. Because his Petition was filed over nine years after his conviction became final, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner filed his first PCRA petition on February 19, 1997. Therefore, his one-

year limitations period began running on September 21, 1996 and continued to run until February 19, 1997, when he filed his first PCRA petition. From September 21, 1996 until February 19, 1997, one-hundred and fifty-one (151) days had run on Petitioner's one-year limitations period; two-hundred and five (205) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his first PCRA proceeding from February 19, 1997 through February 21, 2001, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.[1] Petitioner's limitations period began running again on February 22, 2001 and expired 205 days later on September 14, 2001.

Petitioner filed his second PCRA Petition on May 9, 2003, after the expiration of his federal limitations period. Thus, none of the time he was pursuing his PCRA petition may be used to toll his AEDPA limitations period as that petition was filed after his limitations period had expired and it was dismissed as untimely. *See* Pace v. DiGuglielmo, 544 U.S.408 (2005) (holding that an untimely filed Pennsylvania PCRA petition was not a "properly filed application" under AEDPA).

Consequently, Petitioner's one-year limitations period ended on September 14, 2001. Unfortunately for him, the Petitioner did not file his federal habeas corpus petition until March 27, 2006, over four years after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is

---

[1] *See* Lawrence v. Florida ___ U.S. ___, 127 S.Ct. 1079 (2007) (holding that AEDPA's one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the United States Supreme Court seeking review of the denial of state post-conviction relief).

entitled to take advantage of any of the other provisions triggering the one-year limitations period.  In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition.  28 U.S.C. § 2244(d)(1)(B).  Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review.  28 U.S.C. § 2244(d)(1)(C).  In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action.  Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

<u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner.  *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001) . In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA)

has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the

date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

```
                                 _____
                                 LISA PUPO LENIHAN
                                 United States Magistrate Judge
```

Dated:     March 13, 2007

cc:        The Honorable David S. Cercone
           United States District Judge

           Bruce Cabbagestalk
           DB-5517
           S.C.I. Fayette
           Box 9999
           LaBelle, PA 15450-0999